IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLES ANDERSON, #113653

VS.                                                         CIVIL ACTION NO. 2:13cv158 KS-MTP

JOHNNY DENMARK

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Charles Anderson for Writ of Habeas Corpus [1] filed pursuant to 28 U.S.C. §2254 and respondent's Motion to Dismiss [11] filed pursuant to 28 U.S.C. §2244(d). Magistrate Judge Michael T. Parker has filed a Report and Recommendation [16] which has been objected to by the petitioner [17] . The Court has considered the above documents and the record herein and finds as follows:

1. PROCEDURAL HISTORY

Petitioner was convicted of one count of arson in the Circuit Court of Lamar County, Mississippi. On May 12, 2009, Petitioner was sentenced to serve twenty (20) years in the custody the Mississippi Department of Corrections ("MDOC"). (Motion [11] Ex.A.) Petitioner appealed his conviction and sentence to the Mississippi Supreme Court. On December 7, 2010, the Mississippi Court of Appeals confirmed the Circuit Court's ruling. (Motion [11] Ex.C; *see Anderson v. State,* 50 So.3d 1015 (Miss.Ct.App. 2010)). Petitioner filed motions in the Court of Appeals for extensions of time to petition for rehearing, and the Court granted an extension until January 21, 2011. (Motion [11] Ex.A.]). Petitioner, however, did not file a petition for a rehearing.

On February 27, 2012, he sought leave from the Mississippi Supreme Court to proceed in the trial court for post-conviction relief. (Motion [11] Ex. F) On April 11, 2012, The Mississippi Supreme Court denied his application, because the claims were barred by *res judicata* under Miss. Code Ann. § 99-39-21(3), and Petitioner could not show a denial of a state or federal right. (Motion [11] Ex. G). On February 22, 2013, Petitioner again requested leave to proceed in the trial court for post-conviction relief, but the request was dismissed as a successive writ on May 15, 2013. (Motion [11] Ex. H & I)

On July 11, 2013, Petitioner filed his Petition for Writ of Habeas Corpus [1] in this Court.[1] In the Motion to Dismiss [11], Respondent contends that the Petition [1] was untimely filed and, therefore, should be dismissed under 28 U.S.C. § 2244(d). Petitioner responded, claiming he is actually innocent and has newly discovered evidence to show his innocence. (Response [14]).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v.*

---

[1] Under the "mailbox rule" a federal habeas petition is deemed "filed" on the date that he delivers the petition to the prison officials. *Coleman v. Johnson* 184 F. 3d 398, 401 (5th Cir 1999). The date Anderson signed the file was July 11, 2013. The date it was "filed" in this Court was July 23, 2013. Weighting all doubts in the Petitioners favor, the Court will use the earlier date of July 11, 2013.

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

The basis for the dismissal recommended by Judge Parker is that the Petition was filed one year, five months and 18 days after the Judgment became final. 28 U.S.C. §2244(d)(1)(A) requires that the habeas petition be filed within one year. Accordingly, the Petition is filed out of time unless there is a right to equitable tolling. Judge Parker went through an analysis of equitable tolling and found that the petitioner had not set forth a basis that would constitute "rare and exceptional circumstances" that would justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Petitioner bears the burden of demonstrating the existence of rare and exceptional circumstances that would warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In his response petitioner claims that he is actually innocent which, if true, would overcome the procedural bar of the Statute of Limitations. If new evidence has come to light which if considered by a jury and that no reasonable jury could have voted to find petitioner guilty beyond a reasonable doubt, then the procedural bar will be overcome. However, in his initial pleadings the petitioner only restated his arguments in the state court and alleges new evidence. It is clear from the Objection that the petitioner is referring to evidence that was adduced at trial. This cannot be newly discovered evidence. If the evidence was known at the time of the trial then it cannot be newly discovered.

The petitioner states that there were false statements made in the testimony and that

logically it should prove his innocence.  The first hurdle, however, is to establish that this is newly discovered evidence which the petitioner cannot do.  The Court finds that the Objections [17] proposed by the petitioner are not well taken and that the Report and Recommendation should be adopted as the Order of this Court and that the Petition should be dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Anderson's objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Charles Anderson's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 23rd day of July, 2014.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE